Dear Commissioner Drennen:
You requested the opinion of this office concerning a situation which has arisen in connection with a miscellaneous insurance payroll deduction provider, known as DINA.
The statutory provisions regarding payroll deductions are contained in La.R.S. 42:455 and La.R.S. 42:456. La.R.S. 42:455 provides that the authority for payroll deductions not otherwise provided by statute shall be governed by rules promulgated by the Division of Administration and administered by the state payroll office, provided that any general insurance deduction vendors have a current rating in A.M. Best of B+ or better for foreign companies[1] and of B or better for domestic companies[2]. La.R.S. 42:456 lists the types of permitted payroll withholdings.
We have been furnished with information by you and by DINA as follows: DINA Dental Plan has been offered to employees since 1978 and DINA Dental Plan has been offered to State employees since 1987. DINA Dental Plan serves as the marketing/administration arm of Guaranty Assurance Company. Guaranty Assurance Company[3] has been licensed by the Louisiana Department of Insurance since March 20, 1984. DINA Dental Plan has not been licensed by the Department of Insurance. Until the year 2000, the Vendor Application Requests to the Division of Administration were submitted in the name of DINA. In 1999, Guaranty Assurance Company was acquired by Dental Economics, LLC., but it is still licensed in the name of Guaranty Assurance Company. Since 2000, the Vendor Application Requests were submitted to the Division of Administration under the name Guaranty Assurance Company. Counsel for DINA has advised this office that DINA Dental Plan and Guaranty Assurance Company are synonymous. Guaranty/DINA does not possess an A.M. Best rating.
The Division of Administration was of the understanding that DINA was not an insurance company and thus did not enforce the statutory requirement that an insurance deduction vendor have an A.M. Best rating. In lieu of the rating, DINA provided a $100,000 letter of credit to the Division of Administration similar to the bonding requirements for all non-insurance payroll providers. It is our understanding that Guaranty/DINA otherwise met all of the statutes and rules regarding payroll deductions.
You advised that if DINA cannot continue to offer their product, there may be an adverse impact upon the 2100 employees currently enrolled in their product offering, as virtually all signed up as part of the IRS Code Section 125 tax sheltered option "cafeteria plan". Consequently, if DINA cannot continue to do business as a payroll deduction provider, the employees will lose the coverage and the tax advantage of being able to pay the premium with pre-tax earnings. You advised that it is the intent of your office to seek a legislative solution; however, that will occur after the deadline for re-qualification occurs.
Your first question is:
 Since this scenario was not contemplated and therefore not provided for under the existing statute, do the statutes provide any relief with regards to the current situation?
Enacted in the 2001 Louisiana Legislature, La.R.S. 42:455(D)(1) contains a "grandfather clause" which provides as follows:
 D. (1) Notwithstanding any law, rule, or regulation to the contrary, every vendor receiving payment through voluntary payroll deductions as of July 1, 2001, under the Uniform Payroll System, shall continue to be approved as a vendor if such vendor continues to meet the requirements of the rules and regulations of the division of administration governing payroll deductions which were in effect on May 19, 2000. Further, those vendors receiving payment through voluntary payroll deductions, under the Uniform Payroll System, as of July 1, 2001, who apply for a new payroll deduction for additional products, policy forms, or service plans may do so subject to the rules and regulations of the division of administration governing payroll deductions which were in effect on May 19, 2000. (Emphasis added).
It is our understanding that notwithstanding R.S. 42:455(A) and the requirement of an A.M. Best rating, DINA/Guaranty (i) received payment through voluntary payroll deductions as of July 1, 2001, (ii) meets the requirements of the rules and regulations of the division of administration governing payroll deductions which were in effect on May 19, 2000, and therefore, pursuant to La.R.S. 42:455(D)(1) shall continue to be approved as a vendor. We suggest that it is unlikely that the situation presented in this request is what was contemplated by the legislature when they enacted La.R.S. 42:455(D)(1), however, the situation does fit the statute.
 Since DINA provided a letter of credit previously, could we continue to accept a letter of credit in lieu of the Best rating until such time as corrective legislation is submitted and heard?
We believe that it would be very appropriate for the Division to require the submission of a letter of credit until such time as corrective legislation is enacted.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
[1] La.R.S. 42:455(A)(1)(b).
[2] La.R.S. 42:455(A)(2)(b).
[3] The initial Certificate of Authority was issued in the name of Guaranty Savings Assurance Company.